UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cr-20165-GAYLES

UNITED STATES OF AMERICA

v.

LAZARO CANDELARIA,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court on Defendant Lazaro Candelaria's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Extraordinary and Compelling Circumstances and Compassionate Release [D.E. 598], Motion to Supplement (Add-on) to Petitioner's Response to the Government Response to Petitioner's 18 U.S.C. § 3582(c)(1)(A) Compassionate Release/Home Confinement [D.E. 606], and Motion to Supplement (Add-on) to Petitioner's 18 U.S.C. § 3582(c)(1)(A) Motion for Compassionate Release [D.E. 636] (collectively, the "Motions").[1] The Court has considered the Motions, the Presentence Investigation Report, and the record and is otherwise fully advised. For the reasons that follow, the Motions are denied.

## BACKGROUND

Defendant is a 44-year-old incarcerated at Federal Correctional Institution Miami ("FCI Miami") in Miami, Florida, with a projected release date of July 28, 2026. On December 16, 2015,

---

[1] The Court liberally construes the Motions as a compassionate release request because Defendant proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

the Court sentenced Defendant to a 160-month term of imprisonment for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. [D.E. 455 at 1–2]. The Court also sentenced Defendant to a four-year term of supervised release following his release. *Id.* at 3. On December 23, 2015, Defendant appealed the Court's sentence, [D.E. 466], and on January 10, 2017, the United States Court of Appeals for the Eleventh Circuit affirmed the sentence, [D.E. 545].

On December 7, 2020, Defendant filed his Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Extraordinary and Compelling Circumstances and Compassionate Release. [D.E. 598]. On January 11, 2021, Defendant filed his Motion to Supplement (Add-on) to Petitioner's Response to the Government Response to Petitioner's 18 U.S.C. § 3582(c)(1)(A) Compassionate Release/Home Confinement. [D.E. 606]. On December 10, 2021, Defendant filed his Motion to Supplement (Add-on) to Petitioner's 18 U.S.C. § 3582(c)(1)(A) Motion for Compassionate Release. [D.E. 636]. In his Motions, Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. [D.E. 598]. Defendant states that his "debilitating medical conditions coupled with the COVID-19 crisis, rises to the level of extraordinary and compelling" reasons warranting his release. *Id.* at 6. Defendant states that his health is deteriorating and that he suffers from heart disease, hypertension, diabetes, lung and breathing problems, poor blood circulation, enlarged heart, high blood pressure, and a recent surgery involving his heart. *Id.* at 7. Although Defendant does not state when he made his first request for compassionate release with the Warden of FCI Miami, the Warden denied his first request on June 12, 2020. *Id.* at 17. On June 26, 2020, Defendant made a second request for compassionate release with the Warden of FCI Miami, which the Warden denied on July 1, 2020. *Id.* at 18.

2

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

**DISCUSSION**

The Government argues that the Motions should be denied because: (1) Defendant fails to show "extraordinary and compelling reasons" that warrant his release; (2) Defendant remains a danger to the community; and (3) the § 3553(a) factors do not warrant release. As an initial matter, the Government concedes—and the Court agrees—that Defendant has properly exhausted his administrative remedies. [D.E. 600 at 9]. However, the Court finds that Defendant's Motions fail on the merits because he fails to show that he is not a danger to the safety of other persons or the community.

In determining whether Defendant is a danger to the community, the Court must consider: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). Here, Defendant argues that he "does <u>not</u> have a violent or extensive criminal history and therefore is not a danger to society because of his medical condition." [D.E. 598 at 5]. The Court disagrees. At the time of the offense, Defendant was a member of a gang which trafficked in significant amounts of narcotics. [D.E. 441 at 5–23]. Defendant has an extensive criminal history that includes felony drug and violent crime convictions. *Id*. at 26–32. When previously sentenced to probation, Defendant had multiple technical and new offense violations. *Id*. at 26–27, 29. Therefore, he is not a good candidate for court-ordered supervision. Based on his criminal history and the nature and circumstances of his instant offenses, the Court finds that Defendant remains a danger to the community such that release is not warranted. *United States v. Wooden*, No. 17-CR-20045, 2021 WL 796495, at *3 (S.D. Fla. Mar. 2, 2021) (citing *United States*

*v. Williams*, No. 3:04CR95/MCR, 2020 WL 1751545, at *3 (N.D. Fla. Apr. 1, 2020)).  Therefore, the Motions shall be denied.[2]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Lazaro Candelaria's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Extraordinary and Compelling Circumstances and Compassionate Release, [D.E. 598], is **DENIED**.

2. Defendant's *pro se* Motion to Supplement (Add-on) to Petitioner's Response to the Government Response to Petitioner's 18 U.S.C. § 3582(c)(1)(A) Compassionate Release/Home Confinement, [D.E. 606], is **DENIED as moot**.

3. Defendant's *pro se* Motion to Supplement (Add-on) to Petitioner's 18 U.S.C. § 3582(c)(1)(A) Motion for Compassionate Release, [D.E. 636], is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of January, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] In Defendant's Motion to Supplement (Add-on) to Petitioner's 18 U.S.C. § 3582(c)(1)(A) Motion for Compassionate Release, he seeks to challenge his conviction because he argues that he was improperly deemed a career offender. [D.E. 636]. However, as the Government aptly notes, a motion for compassionate release pursuant to 18 U.S.C. § 3582 is not the proper avenue for raising such claims.